# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 97-30108
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO WARDELL BROWN,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CR-100)

---

December 4, 1997

Before POLITZ, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:[*]

Pedro Wardell Brown appeals his sentences for conspiracy to possess with

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to distribute cocaine base in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute cocaine base within 1000 feet of a school in violation of 21 U.S.C. § 860. Brown contends that the district court erred in imposing a two-level enhancement for obstruction of justice. For the reasons assigned, we must vacate Brown's sentence and remand for resentencing.

## Background

On the night of April 3, 1996 police officers sought to execute a search warrant on a residence. After they announced their presence gunshots were fired at them from within the residence. Ultimately the officers cleared the occupants from the house, including Brown and his cousin, David Anderson, Jr. A search of the house revealed crack cocaine, two Lorcin .380 caliber pistols, an electronic scale, and a ledger relating to narcotic transactions.

An indictment was returned against Brown and Anderson charging each with conspiracy to distribute approximately 220 grams of cocaine base (count one), possession with intent to distribute cocaine base (count two), and possession with intent to distribute cocaine base within 1000 feet of a school (count four). The indictment also charged Brown and Anderson with carrying and using a firearm during a drug-trafficking crime (count three) and gave notice of forfeiture of certain

2

assets to the United States pursuant to 21 U.S.C. § 853.[1]

Brown and Anderson pleaded not guilty. Brown testified at trial that the drugs and guns belong solely to him, and that Anderson was not involved in any narcotic transactions. The jury returned a verdict convicting Brown on all counts and acquitting Anderson.

In the Presentence Report the probation officer recommended a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1, on the grounds that Brown committed perjury when he testified that Anderson was not connected to the drugs or guns because the government previously had obtained information from a since-deceased confidential informant that Anderson was actively involved in the distribution of drugs. With the increase, the total offense level was 36 with a guidelines range of 292 to 365 months. Without the increase, the total offense level was 34 with a guidelines range of 235 to 293 months. Brown objected to the enhancement.

At the sentencing hearing the government presented the testimony of Brown's probation officer and a DEA Task Force Agent to support the two-level increase. After hearing the testimony and arguments, but without expressing any

---

[1] Brown's sentence for count three and the forfeiture provisions are not at issue in this appeal.

findings on the adjustment for perjury, the court sentenced Brown to 365 concurrent months imprisonment on counts one, two, and four. The court also imposed a $10,000 fine, a five-year concurrent term of supervised release on counts one and two, and a ten-year concurrent term of supervised release on count four, as well as the statutory $200 special assessment. Noting that the 365-month sentence was based on an offense level including the two-level enhancement, Brown sought a ruling on his objection. The court overruled the objection without assigning reasons and Brown timely appealed.

Analysis

Brown contends that the trial court erred in enhancing his offense level for obstruction of justice based on perjury because the evidence does not support the increase and the court did not make the necessary factual findings for imposition of the enhancement. The trial court's finding of obstructive conduct is a factual matter reviewed for clear error; application of the guidelines is a question of law reviewed *de novo*.[2]

Section 3C1.1 provides for a two-level increase in the defendant's offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or

_____

[2] **United States v. Storm**, 36 F.3d 1289 (5th Cir. 1994).

sentencing of the instant offense. . . ." The commentary lists "committing, suborning, or attempting to suborn perjury" as examples of conduct to which the enhancement applies.[3] A defendant testifying under oath commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."[4]

If a defendant objects to an offense level increase for perjury based on his trial testimony, the district court must "review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same. . . ."[5] Although a separate and clear finding as to each element of the alleged perjury is preferred, it is not required.[6] A finding of obstructive conduct that encompasses all the factual predicates for a finding of perjury will suffice.[7]

Here, Brown specifically objected to the probation officer's recommendation

---

[3] U.S.S.G. § 3C1.1, comment 3(b).

[4] **United States v. Dunnigan**, 507 U.S. 87, 94 (1993).

[5] **Id.** at 95.

[6] **Id.**; **United States v. Como**, 53 F.3d 87, 89 (5th Cir. 1995).

[7] **Dunnigan**, 507 U.S. at 95.

of a two-level increase for obstruction of justice based on perjury. Although a range of testimony was elicited at the sentencing hearing as to enhancement, the court made no independent findings that Brown committed perjury when he testified at trial. The **Dunnigan** minimums have not been met. We therefore must VACATE Brown's sentence and REMAND for findings relating to the obstruction of justice two-point increase in the offense level applied in determining Brown's sentence and for resentencing thereafter consistent therewith.